IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


YVONNE C. FLETES,                          Civil No. 05-99-CO

        Plaintiff,

                                    FINDINGS AND RECOMMENDATION

        v.

ROGUE VALLEY TRANSPORTATION
DISTRICT, an Oregon special
district, et al.,

        Defendants.


COONEY, Magistrate Judge:

    Plaintiff brings this civil rights action seeking
damages. Plaintiff moves pursuant to Fed.R.Civ.P. 15(a) to
amend her complaint to include additional allegations of
retaliation (#30). Defendant Rogue Valley Transportation
District opposes this motion.

## I. **FACTS**

On January 21, 2005, defendant removed this action from state court (#1).  The court issued a scheduling order setting the discovery deadline for May 23, 2005 (#2).

On February 28, 2005, plaintiff filed an amended complaint (#8).  Plaintiff moved to consolidate this action with 05-98-MO.  This motion was denied.  The parties filed four motions to extend the case deadlines, which were granted.  The discovery deadline was set for June 30, 2006 and the Pretrial Order or Dispositive Motion deadline was set for July 31, 2006 (29).

On July 19, 2006, plaintiff filed this motion to amend the complaint and reopen discovery (#31).  At the time she filed the motion, the discovery deadline passed.

## II. **LEGAL STANDARDS**

Fed.R.Civ.P. 15 governs amendments to the pleadings.  It is within the court's discretion to grant or deny leave to amend.  Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398 (9th Cir.), cert. denied, 479 U.S. 816, cert. denied 479 U.S. 821 (1986).  Leave to amend should be freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. See Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds, Green v.

City of Tucson, 255 F.3d 1086 (9th Cir.), cert. dismissed, 533 U.S. 966 (2001).  The party opposing the amendment has the burden of demonstrating why leave to amend should not be granted.  Genetech Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531 (N.D.Cal. 1989)(citations omitted).

"The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.), cert. denied, 522 U.S. 996 (1997), cert. granted, 524 U.S. 936 (1998), cert. granted and judgment affirmed, 525 U.S. 299 (1999) (citation omitted).  Undue delay, by itself may be insufficient to deny a motion to amend, but, when combined with other factors, denial could be proper. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-1388 (9th Cir. 1990)(citations omitted).

### III. **DISCUSSION**

Plaintiff moves to file an amended complaint seeking to include additional allegations of  retaliation based on the Supreme Court's opinion Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. ___ (2006).  Plaintiff argues that this case clarified the law as what constitutes unlawful

retaliation.

In response, defendant Rogue Valley argues that Burlington Northern does not represent new law in the Ninth Circuit and that plaintiff could have raised these allegations in her prior complaints and before discovery closed.

The court finds any delay in moving to amend based on uncertainty of the state of the law is not extraordinary. Plaintiff's motion to amend is timely and plaintiff has given a reasonable explanation for the delay. See Owens v. Kaiser Fdn. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Defendants have failed to show that they would be prejudiced by this amendment. The fact that the discovery deadline will have to be extended, is an insufficient reason to deny leave to amend. See Cowen v. Bank United of Texas FSB, 70 F.3d 937, 944 (7th Cir. 1995).

The court finds that the factors weigh in favor of granting plaintiff leave to amend. In addition, the court finds that in the interest of justice and judicial economy, the plaintiff should be allowed to amend her complaint pursuant to Rule 15 and that discovery should be reopened.

## IV. **RECOMMENDATION**

Based on the foregoing, it is recommended that plaintiffs' motion to amend (#30) be granted.

***This recommendation is not an order that is***

4 - FINDINGS AND RECOMMENDATION

*immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____17_____ day of August, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE